

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS

WXXXXXXXXXXXXXXXXXX

ATTORNEY GENERAL

Honorable Geo. W. Cox, M. D.
State Health Officer
Texas Board of Health
Austin, Texas

Dear Doctor Cox:

Opinion No. O-6798
Re: Authority to dispose of certain
    personal property not needed
    by a State hospital.

   In your letter of August 24, 1945, you have re-
quested an opinion from this office relative to the above
subject and your letter containing the request and the per-
tinent facts is quoted:

> "By warranty deed dated June 28, 1945, the
> trustees of the London Independent School Dis-
> trict, Rusk County, Texas, et al conveyed to the
> State of Texas for the use and benefit of the
> State Department of Health 3.47 acres of land,
> a part of the T. J. Martin original survey, Rusk
> County, Texas, together with a ten-classroom
> school building, water tower, deep well and other
> appurtenances and improvements located thereon,
> for a consideration of $20,000. cash-in-hand paid.

> "The State Health Officer and the State
> Board of Health are converting the school build-
> ing into a 120-bed hospital for the maintenance
> and treatment of venereal disease patinets. The
> classrooms have composition blackboards on the
> walls. The County Superintendent of Public In-
> struction of Smith County, Texas, proposes to
> remove the composition blackboards, chalk troughs,
> and holdings, re-finish where the blackboards
> were removed, and paint the walls for the black-
> boards, moldings and chalk troughs. These black-
> boards, moldings and chalk troughs are of no use
> to the Texas State Department of Health and the
> Medical Officer in Charge wants them removed.

"The science room in the school building has
7 science tables with water, gas and sewer connec-
tions. These tables have acid-proof sinks and are
valuable in the teaching of chemistry, but are of
no value to the building as a hospital.

"The roof of the building is partly clay tile
and parly composition asphalt and gravel. Both
classes of roof have some leaks and considerable
water flows through the roof into the building in
heavy storms. A proposition has been made by a
competent, experienced, builder to repair the roof,
downspouts and other fixtures in consideration of
receiving in payment the 7 science tables.

"We understand under existing law that if we
should sell the blackboards and science tables
through the Board of Control, we will be required
to deposit the proceeds in the general fund of
the State Treasury.

"We wish you to advise us whether we can
legally exchange the blackboards and science tables
for the repair of the walls and the roof."

The question here presented is whether public per-
sonal property which is no longer needed may be exchanged for
work or services necessary in the repair of a public building.
No authority for such an exchange has been found but to the
contrary it appears that the disposition of the public per-
sonal property mentioned in your letter should be governed by
Article 666, Vernon's Annotated Civil Statutes of Texas as
amended which provides as follows:

"All property belonging to the state, regard-
less of where it is located, under the control of
any department, commission, board, or other state
agency, with the exception of state eleemosynary
institutions, colleges, and institutions of higher
learning, when it shall become unfit for use, or
shall be no longer needed, shall be placed under
the jurisdiction of the Board of Control, and the
Board of Control shall sell such property after ad-
vertising it not less than four (4) days in a news-
paper in the county wherein the property is situ-
ated. Provided, however, that if no newspaper is

published in the county wherein the property is situated, notice of said sale setting out the time and place of sale and the property to be sold shall be posted in three (3) public places, one being in a court house in the county wherein the property is situated. Provided, however, that if the value of such personal property is less than One Hundred ($100.00) Dollars and not sufficient to justify the cost of advertisement in newspapers as outlined above, the Board of Control may sell such property in any manner that it deems for the best interest of the state. The money from the sale of such property, less the expense of advertising the sale, shall be deposited in the State Treasury to the credit of the General Revenue Fund. And provided further, that any property placed in the hands of the Board of Control, as outlined herein, may be transferred by the Board of Control to any department, commission, board or state agency in need of same, and the debit and credit shall be made on the basis that such property can be purchased in the market at the time of the transfer, if a market exists, and if not, at its actual or intrinsic value as set by the Board of Control. The Board of Control shall make a written report to the Comptroller after each sale. The report shall include the following items:

"1. Name of the newspaper and the dates of advertisement of notice of sale; or if posted, the date and place of posting.

"2. Each article received.

"3. The price for which each article was sold.

"4. The name and address of the person to whom each article was sold.

"'This report shall be signed by the Board of Control and a member of the department, commission, board or state agency having control of the property before sale.'"

The above quoted statute requires that in the disposition of State property a sale thereof must be made pursuant to the procedures set forth and the only exceptions

to such requirements are "state eleemosynary institutions, colleges and institutions of higher learning." It is not believed that the State Board of Health or any of its divisions come within these exceptions. It follows therefore that the science tables and the blackboards or the school equipment in question must be sold pursuant to this Article and the proceeds from such sale deposited in the State Treasury to the credit of the General Revenue Fund.

It appears that the necessary repairs to the public building described in your request should be accomplished pursuant to Article 670 and 673, Revised Statutes of Texas as amended which provide as follows:

"The Board shall prepare plans and specifications for improvement and repairs to public buildings or property of the State, and shall superintend through its division of public buildings and grounds, the construction of said work when such supervision is not otherwise especially provided for by law." (Article 670)

"When needed improvements or repairs for respective buildings and offices are called to the attention of the Board by the heads of such departments or offices, the Board shall provide for such repairs or improvements, and they shall be made under its direction." (Article 673)

The foregoing considered, you are advised that it is the opinion of this office that under no circumstances may the school equipment in question be exchanged for the services necessary in repairing the building and that the necessary repairs to the building can only be accomplished by the Board of Control pursuant to the Articles above mentioned.

                                    Very truly yours

JL:mp--PAM                          ATTORNEY GENERAL OF TEXAS
APPROVED SEPT 13 1945
CARLOS C. ASHLEY
FIRST ASSISTANT
ATTORNEY GENERAL              By        Jackson Littleton
                                           Assistant

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED CONFERENCE